IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HAIRON WILFORT,** : | CIVIL ACTION NO. 1:05-CV-2168 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **WARDEN RONNIE HOLT,** : | |
| : | |
| Respondent : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) by petitioner, Hairon Wilfort ("Wilfort"). Wilfort asserts that the United States Parole Commission ("Commission") violated his due process rights. The petition will be denied.

I.  **Statement of Facts**

Wilfort was convicted in the District of Columbia Superior Court in 1995, of carrying a pistol without a license and sentenced to eighteen to fifty-four months imprisonment. (Doc. 11-2, p. 4). He was paroled on March 18, 1997. (Doc. 11-2, p. 9).

On September 26, 1997, the District of Columbia Board of Parole issued a warrant charging Wilfort with a number of parole violations, including failure to obey all laws based upon a September 9, 1997 arrest for possession of a firearm by a convicted felon. (Doc. 11-2, p. 11). Because he was in federal custody, the Board of Parole warrant was lodged as a detainer. (Doc. 11-2, p. 12). (Id.). Wilfort

eventually pled guilty to the possession of a firearm charge and was sentenced to a non-parolable term of imprisonment of ninety-six months. (Doc. 11-2, pp. 15, 28).

On August 2, 2000, pursuant to the transfer of authority established by the National Capital Revitalization & Self-Government Improvement Act of 1997, Pub.L.No. 105-33, sec 11231(a)(1), 111 Stat. 712, 745; D.C. Code § 24-1231, jurisdiction over the warrant was transferred from the District of Columbia Board of Parole to the United States Parole Commission ("Commission"). (Doc. 11-2, p. 20). While serving his sentence he sent two letters to the Commission regarding the detainer. In response, Wilfort was advised as follows:

> You are now serving a non-parolable sentence. The detainer will be executed upon completion of your current sentence. The Bureau of Prisons will then notify the Commission and you will be scheduled for a revocation hearing.
>
> You asked why you still have a detainer. You must request in writing for a review of your detainer and submit mitigating information or comments to the Commission with your request so that this information may be considered.

(Doc. 11-2, p. 28). Wilfort never submitted a written request for review of the detainer.

He completed service of his federal sentence on November 4, 2004, which resulted in the execution of the warrant. On February 17, 2005, the Commission concluded that there was probable cause to believe that he had violated conditions of his parole and scheduled a revocation hearing. (Doc. 11-2, p. 21). The hearing was held on April 13, 2005 and Wilfort's parole was revoked. Wilfort received no

credit for time on parole, and he was continued until the expiration of his parole violator term. (Doc. 11-2, p. 26).

Wilfort filed the present petition contending that his due process rights were violated. Specifically, he argues that his rights were violated because: (1) he did not receive a dispositional review hearing and (2) his revocation was untimely.

## II. Discussion

### A. Right to a Dispositional Review Hearing

In the case of an incarcerated parole violator, an otherwise constitutionally-mandated preliminary hearing is not needed because the parolee's subsequent conviction would serve as probable cause for a parole violation, and, more importantly, because the issuance of a detainer does not immediately deprive the parolee of liberty. Moody v. Daggett, 429 U.S. 78, 86 (1976). The mere prospect of future incarceration from the parole violation itself does not have any "present or inevitable effect" upon the individual in question and no "right" exists to force a decision or hearing prior to the end of incarceration. Id. at 87-88.

When the Commission revokes a District of Columbia offender's parole, as in this case, 28 C.F.R. § 2.100 applies. When a District of Columbia parolee is convicted of a new crime warranting imprisonment, a parole violation warrant may be placed against that individual as a detainer. 28 C.F.R. § 2.100(a). Additionally, if the parolee is serving a new sentence, and is currently ineligible for parole under that sentence, the Commission will conduct a review of the detainer at the request of the parolee and may, at its discretion, exercise options which include "let[ting]

the detainer stand until the new sentence is completed" and, following the parolee's release, conduct an institutional revocation hearing. 28 C.F.R. § 2.100(c)(3).

It is clear from the record that Wilfort was treated in accordance with 28 C.F.R. § 2.100. Despite being advised that he needed to submit a written request for review of the detainer, Wilfort failed to do so. The Commission's election to defer the dispositional hearing until the completion of service of his new sentence is within its authority under 28 C.F.R. § 2.100©)(3). Based upon the foregoing, Wilfort's contention that he was denied a dispositional review hearing is without merit.[1]

The court notes that Wilfort's reliance on 28 C.F.R. §§ 2.47(a)(1)(2), 2.48(b) (to argue that his due process rights were violated because he was not afforded a dispositional review within 180 days) is misplaced. These provisions assure the timeliness of a revocation hearing and review for *federal* parolees, not *District of Columbia* parolees, who are regulated by 28 C.F.R. § 2.70, *et seq*.

**B.     Timeliness of Parole Revocation Hearing**

A parolee is entitled to a revocation hearing within a reasonable time. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972). To obtain federal habeas corpus relief, the parolee must demonstrate not only that the delay was unreasonable, but also that the delay resulted in prejudice. See Vargas v. United Sates Parole

---

[1] Wilfort's reliance on Beecher v. Nash, Civil No. 3:CV-04-1584 is misplaced. (See Doc. 2, p. 3). Because Beecher was serving a parolable offense, his case was governed by 28 C.F.R. § 2.100 (b), not (c).

Comm'n, 865 F.2d 191, 194 (9th Cir. 1988) ("[A] preliminary hearing delay of 40 days without any evidence of prejudice is not unreasonable"); Heath v. United States Parole Comm'n, 788 F.2d 85, 89-90 (2d Cir. 1986) ("Absent prejudice or bad faith on the Commission's part, the appropriate remedy is not a writ of habeas corpus, but a writ of mandamus to compel compliance with the statute."); Maslaukas v. United States Bd. of Parole, 639 F.2d 935, 938 (3d Cir. 1980) (finding that where petitioner alleged unlawful delay of dispositional review of detainer, habeas relief was improper because petitioner had failed to show that the delay was unreasonable and prejudicial). If a parolee is convicted of a new crime, as is the case here, an institutional revocation hearing shall be scheduled within ninety days of the parolee's retaking. 28 C.F.R. § 2.101(e).

The Commission concedes that Wilfort did not receive a timely revocation hearing. Although he was taken into custody on November 4, 2004, his hearing was not held until April 13, 2005, approximately 163 days after the retaking.

This court finds that this delay was neither unreasonable nor prejudicial to Wilfort. His guilty plea to possession of a firearm while he was on parole, and for which he received a non-parolable sentence of ninety-six months, removes any doubt as to whether he violated the terms and conditions of his parole. Further, his contention that the delay prejudiced him in that he was not able to present his case and was unable to present witnesses on his behalf is factually unsupported. At the revocation hearing, he admitted to the possession of a firearm by a convicted felon and stated "he had no good reason for it." (Doc. 11-2, p. 24). "He said he was

'young and without guidance'.  He knows now what bad judgment he did use at the time.  He is very sorry this happened.  He has paid a heavy price for his mistake." (Id.).  At no point did he indicate that the delay prevented him from presenting his case or from obtaining witnesses.  Nor is there anything in the record that suggests that Wilfort ever inquired or complained about the timeliness of the revocation hearing prior to April 13, 2005.  Finally, his conclusory assertion that he was denied a prompt hearing because of his religion has no factual support in the record.  (See Doc. 12, p. 6).

In light of the record before the Court, Wilfort has failed to establish that the scheduling of the April 2005 parole revocation hearing, albeit outside of the statutory 90-days, was unreasonable or prejudiced him in any manner.  Accordingly, because he has already received all the relief to which he is entitled — the dispositional revocation hearing — this claim will be denied.

An appropriate order will enter.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:      August 25, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAIRON WILFORT,** | : | **CIVIL ACTION NO. 1:05-CV-2168** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN RONNIE HOLT,** | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 25th day of August, 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge